IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Izell De'Wayne Hair, #311486,           )
                                         )    C.A. No. 2:18-1583-HMH-MGB
            Plaintiff,                   )
                                         )
    vs.                                  )    **OPINION & ORDER**
                                         )
Ms. C. Jones, Mr. Badger, Mr. Saylor,   )
                                         )
            Defendants.                  )

This matter is before the court on Izell De'Wayne Hair's ("Hair") pro se letter addressed to the court, which appears to be Hair's untimely objections. The court construes Hair's letter as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Hair's motion.

On April 11, 2019, United States Magistrate Judge Mary Gordon Baker recommended granting the Defendants' motion for summary judgment. (R&R, ECF No. 102.) Objections to the Report and Recommendation were due by April 28, 2019. Hair did not file objections to the Report and Recommendation. After receiving no objections, the court adopted the Report and Recommendation and granted Defendants' motion for summary judgment in an order dated May 9, 2019. (May 9, 2019 Order, ECF No. 107.) Hair filed the instant motion to alter or amend the judgment on May 13, 2019.[1] (Mot. Alter or Amend, ECF No. 110.)

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Upon review, Hair does not identify any intervening change in controlling law, new evidence, or clear error of law in the court's earlier judgment. Rather, Hair repeats his earlier factual arguments and requests that the court not dismiss his case. Based on the foregoing, the court finds that Hair has made no showing of error in the court's May 9, 2019 order. Therefore, Hair's motion is denied.

It is therefore

**ORDERED** that Hair's motion to alter or amend the judgment, docket number 110, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 23, 2019

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.